Amy L. B. Ginsburg
GINSBURG LAW GROUP, P.C.
1012 N. Bethlehem Pike, Suite 103, Box #9
Ambler, PA 19002
Telephone: (855) 978-6564
Facsimile:  (855) 777-0043
Email: aginsburg@ginsburglawgroup.com

*Attorneys for Plaintiff, Kelly Pinn*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELLY PINN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NATIONS AUTO PROTECTION, LLC AND PALMER ADMINISTRATIVE SERVICES, INC., <br><br> Defendants. | **Case No.** <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND TEXAS BUSINESS & COMMERCE CODE** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, Kelly Pinn, on behalf of herself and all others similarly situated, through their counsel, and for her Class Action Complaint against Defendants, Nations Auto Protection, LLC ("Nations") and Palmer Administrative Services, Inc. ("Palmer") states:

### INTRODUCTION

1.    Plaintiff brings this class action complaint for Defendants' violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, *et seq*. and sections § 305.053 and § 302.101 of the Texas Business & Commercial Code.

### PARTIES

2.    Kelly Pinn, is a natural person who, at all times relevant to this Complaint, resided in Irving, Texas.

3.    Nations is a for-profit limited liability company and maintains its principal place of business at 5301 N. Federal Hwy, Suite 295, Boca Raton, Florida 33487.

4.    Palmer is a for-profit corporation and maintains its principal place of business at

3430 Sunset Avenue, Ocean, New Jersey 07712.

5.     Whenever it is alleged herein that any Defendant did any act, it is meant that the Defendant performed or participated in the act or that Defendant's officers, agents or employees performed or participated in the act on behalf of and under the authority of a Defendant.

**JURISDICTION AND VENUE**

6.     This Court's jurisdiction arises under 47 U.S.C. § 227(g)(2), and 28 U.S.C. §§ 1331 and 1337.

7.     Palmer is a corporation incorporated in the state of New Jersey.

8.     Nations knowingly and purposefully availed itself to the state of New Jersey by contracting with Palmer, a New Jersey corporate entity.

9.     Upon information and belief, Nations sent and received contractual documents from the state of New Jersey and entered contractual relationships governed by the state of New Jersey.

10.     Accordingly, it was reasonably foreseeable that Nations would be brought into a court in the state of New Jersey based on its relationship with Palmer.

11.     Supplemental jurisdiction for Plaintiff' state law claims arises under 28 U.S.C. § 1367.

12.     Venue is appropriate in this federal district under 47 U.S.C. § 227(g)(4) and 28 U.S.C. § 1391 because Defendants regularly transact business within this federal judicial district and, therefore, reside in this federal judicial district within the meaning of 28 U.S.C. § 1391(b) and (c).

**BACKGROUND REGARDING CLAIMS**

*A.  The TCPA.*

13.     The TCPA regulates, among other things, the use of a prerecorded message to make calls or send prerecorded calls. See 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

14.     Specifically, the TCPA prohibits the sending of prerecorded message to wireless numbers in the absence of an emergency or prior express written consent of the called party. *See*,

47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

15.    "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

16.    "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

### B.   National Do Not Call Registry.

17.    The National Do Not Call Registry allows consumers to register their telephone numbers thereby indicating their desire not to receive telephone solicitations at those numbers; and the registration "must be honored indefinitely, or until it is cancelled by the consumer or the telephone number is removed by the database administrator." 47 C.F.R. § 64.1200(c)(2).

18.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

19.    Nations is a "person" as that term is defined by 47 U.S.C. § 153(39).

20.    Palmer is a "person" as that term is defined by 47 U.S.C. § 153(39).

21.    Nations is a "telemarketer" within the meaning of 47 C.F.R. § 64.1200(f)(12).

22.    Palmer is a "telemarketer" within the meaning of 47 C.F.R. § 64.1200(f)(12).

23.    Ms. Pinn's telephone number, XXX-XXX-2161, is registered to a cellular telephone service.

24.    Ms. Pinn's number ending in 2161 has been registered on the Do Not Call Registry

1    since February 9, 2009.

2        25.    Plaintiff has never sought or solicited information regarding Defendants' services

3    prior to receiving the prerecorded calls at issue.

4        26.    The Defendants have never had a "established business relationship" with Plaintiff

5    within the meaning of 47 C.F.R. § 64.1200(f)(5).

6        27.    Plaintiff did not consent to receiving any communications from Defendants.

7        28.    On October 6, 2020, Plaintiff received three calls from Defendant Nations at

8    9:03AM, 10:41AM, and 12:41PM.

9        29.    When Defendant Nations called Plaintiff a fourth time on this date, at 2:41PM,

10   Plaintiff answered the call and heard a pre-recorded message from Defendant Nations, placed on

11   behalf of Defendant Palmer.

12       30.    To confirm the identity of the caller, Ms. Pinn purchased a car warranty from

13   Defendant Nations on this date.

14       31.    Plaintiff later received a copy of the warranty confirming that Defendant Nations

15   was the Seller and Palmer was the Administrator.

16       32.    Defendant received an additional call from Defendant on October 19, 2020.

17       33.    The Defendants' initiated calls to Plaintiff and transmitted prerecorded messages for

18   the purpose of encouraging the purchase of a Palmer car warranty.

19       34.    The Defendants' telephone calls and prerecorded messages, as alleged herein,

20   constitutes "telemarketing" within the meaning of 47 C.F.R. § 64.1200(f)(13).

21       35.    §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging

22   in telephone solicitation from a location in this state or to a purchaser located in this state unless

23   the seller obtains a registration certificate from the Office of the Secretary of State for the business

24   location from which the solicitation is made.

25       36.    Defendants are not registered with the Office of the Secretary of State. <u>See</u>

26   https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp.

27       **PALMER'S LIABILITY FOR NATIONS' TELEMARKETING CALLS**

28       37.    At all times relevant to this complaint, there existed an agency relationship between

-4-

Nations and Palmer, with Nations acting as Palmer's agent.

38.    At all times relevant to this complaint, Palmer gave its apparent, if not actual, authority to Nations to initiate the offending telephone calls, and playing the offending prerecorded message, on Palmer's behalf for the Plaintiff and putative class members.

39.    At all times relevant to this complaint, Nations acted within the scope and authority of its agency relationship with Palmer by initiating the offending telephone calls, and playing the offending prerecorded message, on behalf of Palmer for the Plaintiff and putative class members.

40.    Defendants financially benefitted from their policy and practice of initiating the offending telephone calls, and playing the offending prerecorded message complained of herein.

41.    For more than a quarter century the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

42.    On May 9, 2013, the FCC issued a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."

43.    The FCC's ruling warned sellers, like Palmer, that they may not avoid liability by outsourcing their telemarketing whims to third parties:

> Allowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief.

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted). "Sellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive

1  difference for consumer privacy." *Id.*

2  44.  Even absent evidence of a formal contractual relationship between a seller and

3  telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual)

4  authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

5  45.  Nations was contractually required to promote Palmer products in telemarketing

6  calls to generate new paying customers, and did so, as they did with the Plaintiff.

7  46.  Palmer was knowingly and actively accepting the business that originated through

8  Defendants' illegal telemarketing calls for Palmer's motor vehicle warranties.

9  47.  Palmer maintained interim control over Nations' actions.

10  48.  For example, Palmer had absolute control over whether, and under what

11  circumstances, it would accept a customer.

12  49.  Palmer had day-to-day control over Nations' actions, including the ability to

13  prohibit Nations from using prerecorded methodology to contact potential Palmer customers.

14  50.  Palmer failed to instruct Nations, and as a result, is liable for Nations' conduct.

15  51.  The May 2013 FCC Ruling allows called parties to obtain "evidence of these kinds

16  of relationships . . . through discovery, if they are not independently privy to such information." *Id.*

17  at 6592-593 (¶ 46). Evidence of circumstances pointing to a telemarketer's apparent authority

18  "should be sufficient to place upon the seller the burden of demonstrating that a reasonable

19  consumer would not sensibly assume that the telemarketer was acting as the seller's authorized

20  agent." *Id*. at 6593 (¶ 46).

21  ## CLASS ALLEGATIONS

22  52.  Plaintiff brings this action on behalf of herself and the following classes ("Classes")

23  under Federal Rule of Civil Procedure 23.

24  53.  ***Class Definitions***. Plaintiff proposes the following Class definitions, subject to

25  amendment as appropriate:

26  (a)  **Prerecorded Message Class:** All persons within the United

27  States to whom: *(i)* Nations placed a prerecorded telemarketing message call on behalf of Palmer *(ii)* to a

28  residential landline or cellular telephone number without prior

express written consent signed by the called party; and *(iii)* where the last call was made no earlier than the date that is four years prior to the filing of this action.

(b) **National Do Not Call Registry Class**: All persons within the United States to whom: *(i)* Nations placed at least two telephone solicitation calls during a 12-month period; *(ii)* for telemarketing purposes on behalf of Palmer; *(iii)* to a residential landline or cellular telephone number registered on the do-not-call list for at least 30 days prior to the first call; *(iv)* prior express written consent signed by the called party authorizing the calls; and *(v)* where the last call was made no earlier than the date that is four years prior to the filing of this action.

(c) **Texas 305.053 Class**: All residents of the State of Texas to whose telephone number Defendant placed a call in violation of 47 U.S.C. §227 in the four years prior to the filing of this action.

(d) **Texas 302.101 Class**: All residents of the State of Texas to whose telephone number Defendant placed a call in violation of Texas Business and Commerce Code §302.101 in the four years prior to the filing of this action.

54. Excluded from the Classes are the Plaintiff, Defendants, and their respective counsel, any entities in which Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

55. ***Class Claims***. The Class claims include all claims each Class member may have for a violation of the TCPA arising from Defendants' use of a prerecorded message and placement of calls to telephone numbers registered on the National Do Not Call Registry. Plaintiff and all members of the Classes have been harmed by Defendants' acts, including, but not limited to, the invasion of their privacy, annoyance, waste of time, loss of their cell phone battery and cost to replenish it, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

56. ***Numerosity.*** The Class is so numerous and so geographically disbursed that joinder of their claims is impractical. There are at least 40 members in each of the Classes.

57. The Classes are identifiable through the Defendants' business records, dialer

records, other phone records, and phone number databases.

58.     **Commonality.** Common questions of law and fact exist as to members of the Classes; those common principal issues include whether: *(i)* Nations' placement of telemarketing calls to a Class member's residential landline or cellular telephone number, which was registered on the do-not-call list at least 30 days prior to the first call, and without having the called-party's prior express without prior written consent, violates the TCPA; *(ii)* Nations' placement of prerecorded telemarketing message calls to a Class member's residential landline or cellular telephone number without having the called-party's prior express without prior written consent, which failed to clearly state at the beginning of the message the identity of the business, individual, or other entity that is responsible for initiating the call, violates the TCPA; and *(iv)* Defendants' TCPA violations warrant an award of treble damages.

59.     **Typicality.** Plaintiff' claims are typical of each Class member because those claims arise from Defendants' standardized course of conduct alleged herein.

60.     **Adequacy.**  Plaintiff will fairly and adequately protect Class members' interests because Plaintiff' interests are not averse to the absent Class members and because they committed to vigorously litigating this matter. Plaintiff retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

61.     This action may be maintained under Fed. R. Civ. P. 23(b)(3) because the questions of law and fact common to members of the Classes predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The individual joinder of all Class members is impracticable, class action treatment will permit a large number of similarly situated persons to efficiently prosecute their common claims in a single forum without unnecessary duplication of effort and expense that individual actions engender, an important public interest is served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

62.     This action may also be maintained under Fed. R. Civ. P. 23(b)(2) because the injunctive relief is available under 47 U.S. Code § 227(c)(5)(A) and Defendants have each acted or

refused to act on grounds that apply generally to the Classes, such that final injunctive relief or corresponding declaratory relief is appropriate respecting the each of the Classes as a whole.

## FIRST CAUSE OF ACTION
### Violations of the TCPA's National Do-Not-Call Registry Provisions
### 47 .S.C. 227(c) and 47 C.F.R. § 64.1200(c)(2)

63.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

64.     Defendants violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating multiple solicitation calls within a 12-month period to the residential and cellular telephone numbers belonging to Plaintiff and putative class members despite their registration on the National Do Not Call Registry and without having their signed, written prior express invitation or permission.

65.     The Defendants' TCPA violations were negligent and/or willful.

66.     The TCPA provides a private right of action for these claims under 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTION
### Violations of the TCPA's National Do-Not-Call Registry Provisions
### 47 .S.C. 227(b)(1) and 47 C.F.R. § 64.1200(b)

67.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

68.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii)

69.     By calling Plaintiff and the putative class members with a prerecorded voice, and without prior express consent of the called party to make such calls, Defendants violated the TCPA including but not limited to 47 U.S.C. § 227(b)(1).

70. The TCPA provides a private right of action and statutory damages of $500 per violation, and up to $1,500 if the violated is determined to be willful. 47 U.S.C. § 227(b)(3).

71. Defendants initiated numerous calls to Plaintiff and the putative class members using an automatically generated or pre-recorded voice.

72. Defendants' calls were not made for "emergency purposes."

73. Defendants' calls to Plaintiff and the putative class members were made without any prior express written consent.

74. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff and the putative class members.

**THIRD CAUSE OF ACTION**
**Violations of Tex. Bus. & Com. Code § 305.053**

75. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

76. Defendants placed, or had placed on its behalf, telemarketing telephone calls to Plaintiff's and Class Members' telephone numbers.

77. Each of these calls violated 47 U.S.C. § 227.

78. Plaintiff and Class Members are entitled to: (a) a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305; (b). the greater of $500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages (see Tex. Bus. & Com. Code §304.053(b); (c) the greater of $1,500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages for each call made knowingly or intentionally (see Tex. Bus. & Com. Code §304.053(c).

**FOURTH CAUSE OF ACTION**
**Violations of Tex. Bus. & Com. Code § 302.101**

79. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

CLASS ACTION COMPLAINT

80.     Plaintiff and each Class Member are a "consumer" as defined by § 301.001(2) of the Texas Business and Commerce Code.

81.     Defendants are each a "telephone solicitor" as defined by § 301.001(5) of the Texas Business & Commerce Code.

82.     §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

83.     Defendants violated § 302.101 of the Texas Business & Commercial Code when their representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

84.     §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of their proposed Classes, pray for the following relief:

A.     An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing their counsel as Class Counsel;

B.     An order declaring that Defendants' actions, as set out above, violate 47 U.S.C. §227(b);

C.     An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, inter alia, an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

D.     An award of statutory damages;

CLASS ACTION COMPLAINT

E.      An award of treble damages; and

F.      Such other and further relief that the Court deems reasonable and just.

### <u>JURY TRIAL DEMAND</u>

Plaintiff demand trial by jury on all issues so triable.

**GINSBURG LAW GROUP, P.C.**
*Attorneys for Plaintiff, Kelly Pinn*

Dated:  September 30, 2022          By:    ___*s/ Amy L. B. Ginsburg*___
                                                  AMY L. B. GINSBURG